10-1318-ag
Gonzalez-Ordonez v. Holder

BIA
Brennan, IJ
A098 616 623

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of July, two thousand eleven.

PRESENT:
        ROBERT D. SACK,
        REENA RAGGI,
        PETER W. HALL,
          *Circuit Judges.*

_____

_____

EDUARDO ERNESTO GONZALEZ-ORDONEZ,
        *Petitioner,*

        v.                                    10-1318-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         H. Raymond Fasano, New York,
                        New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General:
Douglas E. Ginsburg, Assistant Director;
Lisa Morinelli, Trial Attorney, Office of
Immigration Litigation, United States
Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Eduardo Ernesto Gonzalez-Ordonez seeks review of a March 8, 2010 order of the BIA affirming the September 17, 2008 decision of Immigration Judge ("IJ") Noel A. Brennan, which denied his motion to suppress evidence and found him removable as charged. *In re Gonzalez-Ordonez*, No. A098 616 623 (B.I.A. Mar. 8, 2010), *aff'g* No. A098 616 623 (Immig. Ct. N.Y.C. Sept. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented and modified by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, even if the BIA erred in denying the motion to suppress, there was independent evidence of

2

Gonzalez-Ordonez's alienage sufficient to satisfy the government's limited burden. *See Almeida-Amaral v.* Gonzales, 461 F.3d 231, 234 (2d Cir. 2006) ("'[T]he INS must show only identity and alienage; the burden then shifts to the respondent to prove the time, place, and manner of his entry.'" (quoting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984)). In an affidavit submitted to the IJ in support of the motion to suppress, Gonzalez-Ordonez conceded that he "did not have legal status in this country." J.A. at 164. *See Katris v. INS*, 562 F.2d 866, 869 (2d Cir. 1977) ("[T]he illegal arrest of an alien unlawfully in the United States does not void a subsequent deportation order based on the alien's admission of his status at the hearing."). In addition, the government proffered two non-immigrant visa applications filed by Gonzalez-Ordonez in 2000 and 2002, which state that he is a citizen of Ecuador. *See INS v. Lopez-Mendoza*, 468 U.S. at 1039 ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."). Because Gonzalez-Ordonez offered no evidence that he was lawfully present in the United States,

3

the BIA correctly upheld his removal.

In any event, the motion to suppress was correctly denied because the initial stop and subsequent search were lawful. Gonzalez-Ordonez's claim that "there was no indication that would lead the military officials to conclude that [he] was not lawfully present," Pet'r's Br. at 9, was not raised below and will not be considered by this court in the first instance, *see* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005). Indeed, Gonzalez-Ordonez acknowledged in his brief below that the officers at the Air Force base "certainly had the right to suspect an alien with no proper [identification] being physically present at their Base." J.A. at 52. Further, because Gonzalez-Ordonez fails to challenge the BIA's determination that the circumstances of the stop and search were not egregious and did not undermine the reliability of the evidence obtained, *see Almeida-Amaral v. Gonzales*, 461 F.3d at 235, we deem this issue abandoned, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is

4

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk